UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KRAMER and
MARIA E. KRAMER,

                Plaintiffs,

                                        CASE NO. 13-CV-14071

v.                                   HONORABLE GEORGE CARAM STEEH

U.S. BANK NATIONAL
ASSOCIATION,

                Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 6)**

      This action arises out of the foreclosure of the Wyandotte, Michigan home of Plaintiffs Brian Kramer and his former wife Maria Kramer.  Plaintiffs seek specific performance of their loan modification agreement and damages for alleged violations of the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 et seq., and the Michigan Consumer Mortgage Protection Act, ("CMPA"), M.C.L. § 445.1631 et seq. Defendant U.S. Bank National Association as Trustee for the Harborview 2006-1 Trust Fund has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Oral argument had been scheduled for June 26, 2014, but after reviewing the parties' submissions, the court has determined that a hearing is not necessary.  For the reasons set forth below, Defendant's motion shall be granted.

## I. Factual Background

On August 9, 2005, Plaintiffs obtained a loan from Home Loan Corporation in the amount of $240,000.  (Doc. 6, Ex. A).  In connection with the loan, Plaintiffs granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage interest on their home in Wyandotte, Michigan which was recorded on January 19, 2006.  (Doc. 1, Ex. D). Plaintiffs fell behind in their payments and applied for and were approved for a loan modification agreement with BAC Home Loan Servicing ("Bank of America") on June 5, 2009.  (Doc. 6, Ex. D).  The terms of that agreement called for Plaintiffs to pay $920.82 each month beginning on August 1, 2009 until September 1, 2035.  Id.  Plaintiffs paid $920.82 in August and September, 2009. (Comp. ¶ 5).  The loan modification agreement notified Plaintiffs that the monthly "payment is subject to change if your escrow account is reanalyzed, . . . or if you have a[n] adjustable rate loan type . . . . Please read your loan modification and loan documents carefully to understand how your payment may increase even more, subject to the terms of your original note, as the interest rate on your loan fluctuates with the changing market."  (Doc. 6, Ex. D at 1).

The loan modification agreement further provided that any interest rate increases would take effect as provided for in the note which provided for such increases to occur on the first day of October.  (Doc. 6, Ex. A, ¶¶ 2(B), 3(C), Ex. D at 3, ¶ 2).  The amount of the loan modification was increased to $989.88 effective beginning in October, 2009.  (Comp. ¶ 5).  According to the complaint, Plaintiffs paid that amount from October, 2009 until February, 2010 and also paid separate monthly tax payments of $200 from October, 2009 to February, 2010.  Id.  On December 15, 2010, MERS assigned its interest in the mortgage to Defendant.  (Doc. 6, Ex. C).

According to the complaint, in late February, 2010, Bank of America advised Plaintiffs that it was no longer going to honor the loan modification agreement and instructed Plaintiffs to apply for a new loan modification, allegedly to correct any tax/escrow errors.  (Comp. ¶ 7).  In their response brief, Plaintiffs admit that they failed to make the modified payments due on the loan.  (Doc. 10 at 2).  The mortgage was foreclosed via advertisement.  On September 6, 2012, Defendant purchased the property for $296,507.81 at a sheriff's sale.  (Doc. 6, Ex. E).  The sheriff's deed was recorded on September 18, 2012.  Id.  The redemption period expired on March 6, 2013.

On April 23, 2013, Defendant initiated eviction proceedings against Plaintiffs in 27th District Court for the State of Michigan.  On May 6, 2013, Plaintiffs filed a counter-complaint which the 27th District Court severed and transferred to Wayne County Circuit Court. Defendant removed here on the basis of diversity jurisdiction.  Now before the court is Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that (1) Plaintiffs have failed to show prejudice by any fraud or irregularity in the foreclosure process; (2) Plaintiffs' claim for specific performance is barred by the doctrine of laches and because Plaintiffs have unclean hands; (3) Plaintiffs' claim for violations of the MRCPA lack specific factual allegations, and (4) Plaintiffs' claim for violations of the CMPA must be dismissed as there is no private right of action under that statute.

## II.  Standard of Review

Defendant seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  The Court of Appeals for the Sixth Circuit has stated that a district court must consider a Rule 12(c) motion using the same standard of review as a Rule 12(b)(6)

-3-

motion.  Roger Miller Music, Inc. v. Sony/ATV Publ'g, 477 F.3d 383, 389 (6th Cir. 2007).

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint

in favor of the plaintiff, accept the factual allegations as true, and determine whether the

allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56

(2007).  The pleading must provide "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  Id. at 555.  Although the

complaint need not contain detailed factual allegations, its "factual allegations must be

enough to raise a right to relief above the speculative level[.]"  Ass'n of Cleveland Fire

Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 550 U.S.

at 555).  The court should first identify any conclusory allegations and bare assertions that

are not entitled to an assumption of truth, then consider the factual allegations that are

entitled to a presumption of truth and determine if they plausibly suggest entitlement to

relief.  Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).  The well-pleaded facts must permit an

inference of more than a mere possibility of misconduct.  Id. at 679.

In ruling on a motion to dismiss, the court may consider not only the complaint, but

also (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters

of which a court may take notice, and (3) public documents.  Tallabs, Inc. v. Makor Issues

& Rights,, Ltd., 551 U.S. 308, 322 (2007); see, also, Commercial Money Ctr., Inc. v. Illinois

Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007) ("when a document is referred to in

the pleadings and is integral to the claims, it may be considered without converting a

motion to dismiss into one for summary judgment.").  In this case, the court's consideration

of the note, mortgage, assignment of mortgage, loan modification agreement, and sheriff's

deed, which were attached as exhibits to Defendant's motion for judgment on the

pleadings, does not convert the motion to a motion for summary judgment as these documents are referred to in the complaint and are integral to Plaintiffs' claims. Accordingly, the court shall consider Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) and shall not convert the motion into one for summary judgment.

## III. Analysis

**1.   Plaintiff's Claim for Specific Performance in Count I Must Be Dismissed**

In Count I of their complaint, Plaintiffs seek specific performance of the loan modification agreement despite the fact that the property has been foreclosed and they no longer own the property.   Michigan law grants a mortgagor of residential property a statutory redemption period of six months.  M.C.L. § 600.3240(8).  When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property.  M.C.L. § 600.3236.  In this case, the sheriff's sale occurred on September 6, 2012, the deed was recorded on September 18, 2012, and the redemption period expired on March 6, 2013.  At that time, Plaintiffs' rights in the property were extinguished.   Once the redemption period expires, the Michigan Court of Appeals has held that a plaintiff lacks standing to bring a claim.  Bryan v. JP Morgan Chase Bank, No. 313279, 2014 WL 1394782 (Apr. 10, 2014) (for publication) (collecting cases).  The Sixth Circuit, applying Michigan law, has held that once the redemption period has lapsed, in order to avoid dismissal, plaintiffs must come forward with a "clear showing of fraud, or irregularity" in the foreclosure proceedings.  Conlin v. Mortg. Elect. Reg. Sys., 714 F.3d 355, 360 (6th Cir. 2013) (quoting Overton v. Mortg. Elec. Reg. Sys., No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009)).  Plaintiffs have failed to do so here.

The Michigan Supreme Court recently reiterated the rule that the failure to comply with conditions set forth in Michigan's foreclosure by advertisement statute does not render foreclosures void, but merely voidable where actual prejudice is shown. <u>Kim v. JP Morgan Chase Bank</u>, 493 Mich. 98, 115 (2012). To prove foreclosure-defect claims, "plaintiffs must show that they were prejudiced by defendant's failure to comply with M.C.L. § 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." <u>Id.</u> at 115-16. In this case, Plaintiffs do not allege that Defendant failed to comply with the foreclosure by advertisement statute or that they were prejudiced by such a failure.

In their response brief, Plaintiffs argue that the foreclosure should be set aside because their loan modification was unenforceable and in violation of the statute of frauds because the agreement was signed only by them and not by Bank of America. The argument is nonsensical as Plaintiffs' complaint seeks specific performance of the very loan modification agreement which Plaintiffs now assert is unenforceable. If the loan modification agreement were somehow invalid, this conclusion would necessarily preclude Count I of the complaint which seeks specific performance of that agreement. <u>See</u>, <u>e.g.</u>, <u>Dodge v. Blood</u>, 307 Mich. 169, 175-76 (1943) (specific performance depends on existence of valid contract). In any event, Plaintiffs admit that they were in default on their mortgage, even if the lower payments owing under the loan modification agreement are considered, (Doc. 10 at 2), and have failed to show any fraud or procedural irregularity in the foreclosure proceedings itself. Their attempt, via Count I of the complaint, to set aside the sheriff's sale and enforce the loan modification agreement, is barred because the

redemption period has expired, and they have failed to meet the onerous burden required to equitably extend that period.  Conlin, 714 F.3d at 360.

Although not entirely clear, in their response, Plaintiffs also argue that "Defendant has effectively 'stolen' Plaintiff's land" on the theory that the mortgage was allegedly secured only by the home and not by the land.  (Doc. 10 at 4-5).  In support of this argument, Plaintiffs point to the fact that there are two tax identification numbers for the property.  Plaintiffs' argument lacks merit.  Both the mortgage, assignment of mortgage, and sheriff's deed give a legal description of the property which clearly applies both to the land and the residence located there.  (Doc. 6, Ex. B, C, and E).  As Defendant states in its reply, the two tax parcel identification numbers are used because the property is located in a Neighborhood Enterprise Zone, providing Plaintiff with a tax abatement through 2015.  (Doc. 10, Ex. 3).

Because Plaintiffs have failed to show any irregularity or fraud in the foreclosure process which would invalidate the foreclosure, Plaintiffs' claim for specific performance of the loan modification agreement must be dismissed.  Accordingly, the court does not reach Defendant's argument that the doctrine of laches applies or that Plaintiffs have unclean hands.

**2.     Plaintiffs' Claims for Alleged Violations of the MRCPA
        and CMPA in Count II Must Be Dismissed**

   **A.     Michigan Regulation of Collection Practices Act**

Count II of the complaint alleges violations of the MRCPA but fails to allege any factual basis for that claim.  The complaint simply states that "Defendant, through its attorneys Trott & Trott, P.C., are acting as a debt collector within the meaning of the

-7-

[MRCPA]." (Doc. 1, Ex. A at ¶ 14). Count II further states, "Defendant, through its attorneys Trott & Trott, P.C. have made false, deceptive, and misleading statements 'regarding the character, amount or legal status of [his] debt' in connection with the mortgage." This is the sum total of Plaintiffs' MRCPA claim. Although Federal Rule of Civil Procedure 8(a) allows for notice pleading, the pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Plaintiffs' MRCPA claim here lacks the factual particularity necessary to survive a motion to dismiss. Courts have dismissed MRCPA claims, like those pled here, where the claims are bereft of any factual basis. See, e.g., Willis v. U.S. Bank, No. 12-CV-1140, 2013 WL 593971, *10 (W.D. Mich. Feb. 14, 2013) (dismissing MRCPA act claim where plaintiff failed to identify improper communications or "how those communications were allegedly inaccurate, misleading, or deceptive or were made in a harassing, oppressive, or abusive manner"); Brady v. Chase Home Fin. LLC, No. 1:11-CV-848, 2012 WL 1900606, *10 (W.D. Mich. May 24, 2012) (dismissing MRCPA claim because her allegations "merely parrot certain prohibited acts under the statute . . . and fail to provide any factual 'meat' for her bare-bones claim.") Because Plaintiffs' MCPRA claim here fails to identify any allegedly misleading communications, their bare bones allegations that the statute was somehow violated is insufficient. Accordingly, Plaintiffs' claim for alleged violations of the MRCPA shall be dismissed.[1]

---

[1]The heading for Count II of the complaint states, "Violation of Michigan Fair Debt Practices Act." As there is no such statute, it appears that Plaintiffs may mean to plead a violation of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.901 et seq. For the same reason that Plaintiffs' MRCPA claim must be dismissed for a lack of factual allegations to make the claim plausible, so too must their MCPA claim, assuming such a claim has been pled at all, be dismissed.

B.      **Consumer Mortgage Protection Act**

Count II of the complaint also seeks relief under the CMPA.  The law is well settled that there is no private cause of action under the CMPA.  See, e.g., McKinney v. Nationstar Mortgage, LLC, No. 11-12421, 2012 WL 3779179, *4 (E.D. Mich. Aug. 31, 2012).  The Act only provides for enforcement by the commissioner, M.C.L. § 445.1639, the attorney general or county prosecutor.  M.C.L. § 445.1640.  Accordingly, Plaintiffs' claim for alleged violations of the CMPA shall be dismissed.

### IV. Conclusion

For the reasons stated above, Defendant's motion for judgment on the pleadings (Doc. 6) is GRANTED and the complaint is DISMISSED.

**IT IS SO ORDERED**.

Dated:  June 18, 2014

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 18, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---